Yazoo & M. V. R. Co. *v.* Mississippi Railroad Commission.

(Division A. March 6, 1933.)

[146 So. 430. No. 30438.]

May, Sanders, McLaurin & Byrd, of Jackson, and Chas. N. Burch, of Memphis, Tennessee, for appellant.

**E. R. Holmes, Jr.,** Assistant Attorney-General, for the appellee.

Argued orally by **J. L. Byrd** and **Chas. N. Burch**, for appellant and by **E. R. Holmes, Jr.**, for the appellee.

**McGowen, J.**, delivered the opinion of the court.

The railroad company prosecutes this appeal from a judgment of the circuit court of Newton county imposing a penalty of five hundred dollars on the appellant.

The railroad commission sought to recover the statutory penalty of five hundred dollars for the alleged violation of section 7071 by the railroad company. In the first count of the commission's declaration it sought to recover the penalty on the ground that appellant had abolished its depot at Lawrence, Mississippi, without first having obtained the consent of the commission. Count two seeks to recover the penalty because of the al-

leged disuse of appellant's depot at Lawrence, Mississippi, and count three seeks to recover the penalty for the failure of appellant to keep up said depot and regularly stop its trains at Lawrence, Mississippi, without having first obtained the consent.of the commission.

To these counts the railroad company interposed a general issue plea, and a special plea setting up facts unnecessary to detail here, to the effect that the cost of maintenance of its depot at Lawrence, Mississippi, was far in excess of the receipts of the office, and that to require it to maintain said office would be a taking of its property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States, and the fourteenth section of the Mississippi Constitution.

The facts necessary to state are that Lawrence, Mississippi, is an unincorporated community at which a depot was maintained by the railroad company with regularly stopping trains, two stores, a post office, schoolhouse, and a populous rural community. Prior to July 16, 1931, the railroad company had an agent in charge of this depot at Lawrence, Mississippi, who sold tickets and performed the usual duties of a depot agent. The record clearly shows however, that for sometime prior to July 16, 1931, the cost of operating this station was largely in excess of its receipts; the cost of maintaining the agent being one hundred twenty dollars, and the receipts being sometimes less than five dollars. There were some months in which there were unusual shipments to the highway department which was constructing a road connecting Lawrence with Newton and Lake where regular depots were maintained, but the record shows that the railroad company had been losing money for one year or more.

The court below found as a fact that the railroad company had maintained this station at a loss, and, in a

carefully written opinion, found also that the railroad company had not abolished its depot, but sustained the allegation of count three to the effect that the railroad company failed to keep up its depot and did not regularly stop its trains there. It was conceded that the railroad company had not asked the consent of the commission, nor had same been obtained by law in any manner.

For the purposes of this decision, it may be conceded that the railroad company had abolished and disused its depot at Lawrence, although the actual building was still in existence and people had access thereto; and, further, that the raiload company had so done without the consent of the railroad commission being obtained or asked.

Section 7071, Code of 1930, is in the following language: "Necessary depots to be maintained.—Every railroad shall establish and maintain such depots as shall be reasonably necessary ifor the public convenience, and shall stop such of the passenger and freight trains at any depot as the business and public convenience shall require. And, every railroad shall establish and maintain a depot within the corporate limits of every incorporated city, town or village, through which said railroad passes; and the commission may cause all passenger trains to permit passengers to get on and off in a city at any place other than at the depot, where it is for the convenience of the traveling public. And it shall be unlawful for any railroad to abolish or disuse any depot when once established, or to fail to keep up the same and to regularly stop the trains thereat, without the consent of the commission."

Section 7043, Code of 1930, imposes a penalty of five hundred dollars on common carriers for violating any of the legal provisions of the chapter, or failing to comply with any lawful order of the commission.

It is contended by the attorney-general that the facts in this case disclose that this court must hold that not-

withstanding the depot at Lawrence, Mississippi, entailed a serious loss on the railroad company, it must be, unless it sought and obtained the action of the commission with respect thereto, maintained by said company and trains must be regularly stopped there. It seems to be his theory that the statute must be so construed as to require the railroad company to first seek the consent of the commission to abolish or disuse its depot, or to continue to operate at a loss thereat and be subject to a penalty unless it first requested and was refused permission to abolish its depot at Lawrence. It might be said inferentially that it is argued that because the finding of the Railroad Commission on a matter of this kind is prima facie evidence in courts of this state, therefore it was contumacious and impeded the enforcement of law for the railroad company to so act.

In our opinion, a case might arise where this view, as applied to the law of this particular case, might be persuasive, but not so here. The Railroad Commission, through the attorney-general, made no resistance to the showing that there was but slight patronage of the railroad at this point, and that the maintenance of its depot, as formerly maintained, would entail irretrievable loss for such a length of time as to show that the people of this community had found other means of transportation than that offered by the railroad company, or else that the people were not traveling, nor was freight being shipped.

It appears to us that it would be manifestly unjust to impose a heavy penalty, and at the same time announce that the Railroad Commission ought to give its consent, thus technically requiring a penalty to be paid when no wrong had been done the people of the state in the particular act upon which the conviction rests.

The authorities are not in dispute that a common carrier cannot be compelled to carry on its business, or a

branch thereof, at a substantial loss. Brooks-Scanlon
Co. v. R. R. Commission of Louisiana, 251 U. S. 396,
40 S. Ct. 183, 64 L. Ed. 323, and the authorities there
cited. And, to the same effect, see State v. Leland S. W.
R. R. Co., 128 Miss. 312, 91 So. 7.

The controlling case here, however, is Western Union
Telegraph Company v. Mississippi Railroad Commis-
sion, 74 Miss. 80, 21 So. 15, 17, wherein the lower court
imposed a penalty of five hundred dollars on a telegraph
company for abolishing its office at Fayette, Mississippi,
without the consent of the Railroad Commission, under
section 4328, Ann. Code of 1892, now section 7057, 1930.
There is no essential difference in the language of the
two statutes. The only difference in the two cases is
that the commission had refused the telegraph company
permission to discontinue the Fayette office. The de-
fense there, as here, was that receipts at Fayette were
insufficient to pay the expense of keeping the office up,
and that it could not be maintained except at a loss.
Judge Cooper, as the organ of the court, said that: ''The
findings and determination of matters committed to the
railroad commission by it are not final and conclusive,
and it was never so intended by the statute. It is a mere
administrative agency, although in some respects, it
exercises quasi-judicial power. But at last the reason-
ableness, and consequently the lawfulness, of its de-
termination is left subject to judicial inquiry and de-
cision. If a common carrier, required by the commission
to do an act, is of opinion that the requirement is a viola-
tion of its legal rights, it may refuse compliance, and,
if upon judicial inquiry, its contention is supported, it is
not punishable or liable for a failure to comply. But it
takes the risk of coming under all the penalties and lia-
bilities declared by the statute if, upon such inquiry, the
courts uphold the action of the commission. The statute,
in express language, so provides. Section 4284 of the

Code declares that 'all findings of the commission and the determination of every matter by it, shall be in writing and proof thereof shall be made by a copy of the same, duly certified by the secretary under the seal of the commission, and whenever any matter has been determined by the commission, in the course of any proceeding before it, the fact of such determination, duly certified, shall be received in all courts and by every officer, in civil cases, as prima facie evidence that such decision was right and proper.' The fact set up by the third and fourth pleas and admitted to be true by the demurrers, furnish ample justification for the action of the appellant in closing its office at Fayette.''

In the case at bar the Railroad Commission was in court seeking to enforce the penalty imposed by this statute. The railroad company had violated the mandate of this statute and had not obtained the consent of the Railroad Commission so to do. The defense of the railroad company was that it was constantly losing money by the maintenance of this depot. In presenting its facts the Railroad Commission did not take issue therewith, so its decision upon these facts could have no effect upon a court.

The same reason is assigned and proven for abolishing the depot at Lawrence, as was assigned and maintained in the Western Union Telegraph Co. Case, supra.

To impose the penalty in this case, when we are of opinion that the Railroad Commission could not, under the law, require the depot at Lawrence, Mississippi, to be maintained, cannot be justified, and it is immaterial whether the depot is closed with or without the sanction of the Railroad Commission, if the fact existed that the depot was being operated at a loss to the common carrier. The burden of the penalty may not be imposed with any more assurance, under our Constitutions, than

could the maintenance of the depot be required. Each would be equally repugnant to the decisions cited supra.

This court could not impose a penalty upon facts adduced which would compel it to say that the railroad company was losing money, and which justified it in believing that the people had abandoned their patronage of the railroad at this depot.

The defense here established bars the imposition of the penalty with or without the consent of the commission. Under the facts presented, a prima facie case could not be made by the order of the Railroad Commission antagonistic to this view.

Reversed, and judgment here for the appellant.